# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12-cv-324-RJC

| | |
|---|---|
| CHARLES D. WILLINGHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| G. CRUTCHFIELD et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review pursuant to 28 U.S.C. § 1915(e) and § 1915A. Plaintiff, who is proceeding pro se, filed a Complaint on October 15, 2012, (Doc. No. 1), and an Application To Proceed In Forma Pauperis, (Doc. No. 2), on November 2, 2012. For the reasons explained below, the Court dismisses Plaintiff's Complaint sua sponte as frivolous.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, an inmate at Hoke Correctional Institution ("Hoke"), filed this action on October 15, 2012, pursuant to 42 U.S.C. § 1983, naming as Defendants various employees of Hoke, as well as Robert Lewis, Director of the North Carolina Office of Public Safety. See (Doc. No. 1). Plaintiff's Statement of Claim in the Complaint is almost unintelligible. Most of his Statement of Claim consists of short phrases with no complete sentences. He mentions a "class action" and alleges that the individuals who operate Hoke Correctional Institution "are in the wrongdoing" for sex harassment, defamation of character, and hate crimes. (Id. at 3). He mentions "Orthodox Judaism," "Kosher foods," "the Jewish laws," and the First Amendment, but he makes no specific factual allegations as to how his First Amendment rights may have been violated. (Id. at 3-4). Plaintiff's Prayer for Relief is similarly unintelligible; he appears to be asking to have the

Defendants put in prison and for trillions of dollars in relief. (Id.).

The Court first considers Plaintiff's motion to proceed in forma pauperis. In support of such motion, Plaintiff has submitted an in forma pauperis application, in which he attests that he has $0.00 and no income. The Court is satisfied that Plaintiff does not have sufficient resources with which to pay the filing fee for this matter. Therefore, Plaintiff's in forma pauperis motion will be granted.

## II.　STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III.　CONCLUSION

Plaintiff's Complaint is frivolous, as his Complaint is almost entirely unintelligible, and he fails to state a claim for relief. The Court therefore dismisses the Complaint in its entirety.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED**.

(2) Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Clerk is directed to close the case. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

Signed: November 20, 2012

Robert J. Conrad, Jr.
Chief United States District Judge